COVENANT.

## Addison & Clendenin *vs* The Kentucky and Louisville Insurance Company.

*Case* 123.

ERROR TO THE JEFFERSON CIRCUIT.

*Insurance. Policy of Insurance.*

July 29.

JUDGE SIMPSON delivered the opinion of the Court.

Case stated,

THE plaintiffs in error having procured from the defendants an insurance to the amount of six thousand dollars, on a three story frame building situate in the city of Louisville, known as Atkinson's Mills, brought this action of covenant upon the policy, alledging the destruction by fire, of the property insured, and the refusal of the defendants to pay them the loss which they have sustained.

The interest which the plaintiffs had in the property at the time of the insurance is set forth in their declaration, and appears to have consisted in a lien to secure the payment of a debt on John Atkinson, for upwards of nine thousand dollars. The deed by which this lien is secured to the plaintiffs, also creates a lien upon the same property in favor of other individuals, to the amount of several thousand dollars, and places the creditors upon an equal footing, no debt having a preferance or priority given to it by the terms of the conveyance. The estate of the assured in the property, is expressed in the policy as consisting of a mortgage or lien thereon, and the policy purports to have been made for the purpose of covering the sum of six thousand dollars of their interest, but fails to set forth or express the additional incumbrances on the property, created by the same deed.

A demurrer to the declaration having been overruled, the defendants filed a plea, alledging in substance that the plaintiffs not having the legal title to the property insured by the policy, and only having a lien thereon with

others named in the same conveyance, fraudulently fail-
ed to disclose to the defendants all the incumbrances on
the property, and fraudulently failed to have all the in-
cumbrances expressed in the policy, as required by the
13th section of the charter granted to, and incorporating
the company, and of setting forth the names of the per-
sons having the liens, and also alleding that the liens men-
tioned were existing liens at the date of the policy.

The plaintiffs having filed a demurrer to this plea,
which was overruled, they filed a replication, admitting
the existence of the alledged liens on the property at the
date of the policy, and after denying that they fraudulent-
ly failed to disclose to the defendants all the incumbran-
ces on the property insured, alledge that they did in good
faith disclose their interest to the defendants at the time
the policy was made, and after such disclosure the policy
was issued in the shape in which it is presented to the
Court.

The defendants having demurred to this replication,
and the demurrer having been sustained, and the plain-
tiffs having determined to abide by their replication, and
not to plead further, a judgment for the defendants was
rendered by the Court.

The right of the plaintiffs to a recovery against the
defendants, depends upon two inquiries : First, was their
interest in the property destroyed, such as authorized them
to effect an insurance thereon ? And if it were, is the in-
strument vitiated by the failure to have the additional
incumbrances on the property insured specified and ex-
pressed in the policy itself?

The act to incorporate the Kentucky and Louisville
Mutual Insurance Company, authorizes the company to
insure all the real and personal property in the State of
Kentucky, except books of accounts, written securities,
or evidences of debt, title deeds, manuscripts or writings
of any description, money or bullion, which articles not
being deemed objects of insurance, the company are
prohibited to insure. Chemical establishments, oil mills,
alcohol, turpentine, and various other enumerated arti-
cles of the same description, are not deemed insurable,

The questions
presented.

on account of their inflamable nature, and under the char-ter no insurance can be extended to them.

The property insured being an establishment for the manufacture of flour, it is not pretended that it is of a character which precludes its insurance under the charter; but it is urged that the owner alone could have it insured, and that persons having merely a lien on it, to secure the payment of a debt, have not such an interest as author-izes them to effect an insurance on the property.

Any individual having an estate in those erections which are insurable under the charter, whether it be a fee simple title to the property, or any less estate, may, ac-cording to the provisions of the charter, have the property insured, under the restriction alone, that the true nature and extent of the title, and all incumbrances affecting its value, be fully and fairly expressed in the policy. A lien upon real property to secure the payment of a debt, is clearly an interest therein vested in the creditor, and al-though it is only an equitable one, there is nothing in the charter which excludes the owners of equitable interests from the benefit of its provisions, or confines them to the owners of legal estates. We are, therefore, of the opin-ion that the estate which is created by a mortgage on real property, or by a deed giving a lien to secure the payment of a debt, is such an estate as under the charter author-izes an insurance on the property by the holder of the mortgage or lien, and that the plaintiffs had a right to have the property included in their policy insured, for the purpose of guarding against the loss of their debt by the destruction of the property bound for its payment. A debt is not itself, a proper object of insurance, neither is the title to the estate, or any interest which an individual may have in it, but the property itself may be insured, as a means of securing the assured by the preservation of the property, from the loss of his interest, whatever it may be.

The decision of the next point of inquiry depends on the provisions of the 13th section of the act incorpora-ting the company. That act is in the following words:

"Said company may make insurance for any term not exceeding ten years, and any policy of insurance issued

by said company, signed by the President and counter-signed by the Secretary, shall be deemed valid and binding on said company in all cases where the insured has a title in fee simple, unincumbered, to the building or buildings insured, and to the land covered by the same; but if the insured have a less estate therein, or if the premises be incumbered, the policy shall be void, unless the true title of the assured, and the incumbrances on the premises be expressed therein."

The policy obtained by the plaintiffs contains no specification of the other co-existing liens on the property, and the question arises whether this provision in the charter applies exclusively to the case of an insurance by the legal title holder, or whether it applies to all cases where an insurance is effected. Every reason which requires the legal title holder to state the nature and condition of his title, and the existing incumbrances on the property, and to have them expressed on the face of the policy, applies with equal force and urgency, to those who do not own the property absolutely, but only an interest in it. And when the extent of that interest is liable to be affected as in the present instance, by other co-existing liens, which may have the effect of reducing the actual value of the interest of the assured in the property embraced in the policy, even below the sum for which the insurance has been obtained, the propriety of the requisition becomes perfectly obvious. The position is not correct that merely the incumbrances on the interest or title of the assured should be made known and expressed in the policy. Every incumbrance on the property which, by its operation, necessarily affects the extent and value of that interest or title, must be expressed. The reason of this is perfectly evident. The amount of an insurance is regulated by the value of the interest of the assured in the property. Good faith, therefore, requires that every thing known to the assured affecting that value, should be fully disclosed and communicated to the insurers.

As the charter explicitly declares the policy void unless the incumbrances on the premises be expressed on its face, and as other incumbrances existed on the property

ADDISON & CLENDENIN
vs
LOUISVILLE INSURANCE Co.

The Kentucky & Louisville Insurance Company, under their charter, may insure estate held by fee simple title or any less estate, but the nature and extent of the estate of the interest insured must be set forth fully & fairly, in the policy, together with every incumbrance calculated to affect that interest, otherwise the policy is invalid.

ADDISON & CLEN-
DENIN
*vs*
LOUISVILLE IN-
SURANCE Co.

insured, besides that held and owned by the plaintiffs, created by the same conveyance, consequently known to them, and calculated seriously to affect the extent of their interest, of which no mention is made in the policy, it results that it is void under the charter, unless the plaintiffs, by their replication, have manifested some reason why the defendants should be liable notwithstanding this omission in the policy.

Had the replication alledged a full disclosure to the defendants, of the nature of the plaintiffs' title to the property and of the other liens existing upon it, calculated to affect their interest, and a failure on the part of the defendants to insert it in the policy issued by them, it might form a very serious and important question whether under such circumstances, inasmuch as the defendants make the policy themselves, an omission on their part to insert in it every fact disclosed by the assured, which was necessary to its validity, should not be regarded as fraudulent, and their liability as existing, if not in a Court of law at least in equity, notwithstanding such fraudulent omission. But as the plaintiffs do not alledge in their replication, that they disclosed to the defendants the existance of the other liens upon the property, but only alledge that they, in good faith, disclosed the nature of their own interest, which fact is shown by the policy itself, this question is not presented by the pleadings, and consequently is not now decided. As the deed creating the liens formed a part of the plaintiffs' declaration, and showed that other liens had existed on the property, besides that of the plaintiffs, which must necessarily have been known to them, and were not expressed in the policy, the declaration itself would have been bad, had it shown that those liens were valid and subsisting at the date of the policy. This fact is alledged by the defendants in their plea, and admitted by the plaintiffs in their replication.

Inasmuch, therefore, as the policy sued on is void for failing to mention on its face the co-existing liens on the property insured, and as the plaintiffs have failed to plead any fact which forms a legal excuse for this omission, it

*If the circumstances be fully disclosed by the insured, and left out of the policy by fraud, ought not the insurers be liable at least in equity? QUR.*

follows that the judgment of the Court below sustaining the demurrer to their replication is correct.

Wherefore, said judgment is affirmed.

*Duncan and Ripley* for plaintiffs; *Guthrie* for defendants.